IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY J. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00340-N-BT |
| | § | |
| AMAZON.COM SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Amazon.com Services LLC's Motion to Compel Arbitration (ECF No. 27). United States Magistrate Judge Rebecca Rutherford issued a Findings, Conclusions, and Recommendation on the motion on September 25, 2024, recommending the District Judge grant the motion to compel arbitration and stay further proceedings in the case. *See* ECF No. 42. After Plaintiff Tammy Williams filed objections to the Court's findings, the District Judge re-referred the dispute for additional findings and recommendation. Order (ECF No. 45). For the reasons set forth below, the District Judge should OVERRULE Williams's objections.

## Background

The Court previously documented the background of this case, *see* ECF No. 42, and incorporates that background here for reference, supplementing it with information relevant to the issue now before the Court.

This dispute arises out of *pro se* Plaintiff Tammy Williams's injury allegedly sustained while working for Defendant Amazon.com Services, LLC (Amazon). Williams brought claims in arbitration against Amazon, then initiated this civil action in February 2024 asking the Court to dismiss the pending arbitration. *See generally* Compl. (ECF No. 3); Am. Compl. (ECF No. 10).

Amazon filed a Motion to Compel Arbitration (ECF No. 27), to which United States Magistrate Judge Rebecca Rutherford issued her Findings, Conclusions, and Recommendation (ECF No. 42). Judge Rutherford recommended the District Judge find that Williams and Amazon entered into a valid agreement to arbitrate and the arbitration agreement contains a delegation clause requiring an arbitrator to determine whether Williams's claims fall within the scope of the agreement. *See generally id.* Accordingly, Judge Rutherford recommended the District Judge grant the motion to compel arbitration and stay further proceedings in the case. *Id.* at 14.

Williams filed Objections to the Court's findings (ECF No. 43) and the exhibits to her Objections (ECF No. 44). In her objections, Williams raised a new argument that, due to previous brain injuries, she lacked the mental capacity—on November 7, 2020—to enter into the agreement to arbitrate.[1] *See* Obj. 7 (ECF No.

---

[1] On November 7, 2020, Williams signed a document entitled "Receipt and Acknowledgment of Summary Plan Description and Mutual Agreement to Arbitrate." Compl. 40 (ECF No. 3). By her signature, Williams acknowledged that she "understand[s] that certain disputes between [her] and Amazon will be referred to mandatory binding arbitration rather than to a judge or jury" and that "[her] signature below acknowledges receipt of and agreement to the Mutual

43). Accordingly, Judge Rutherford directed Amazon to respond to Williams's new argument as to the validity of the contract. Order (ECF No. 46).

Amazon responded that Williams failed to present competent evidence to establish her mental incapacity and the invalidity of the arbitration agreement. Resp. 4 (ECF No. 47). Specifically, Amazon argues that the evidence presented to compel or resist arbitration must be competent summary judgment evidence and that Williams fails to meet this burden with submissions of "unsupported conclusions regarding her mental capacity and screenshots of unauthenticated and unsworn documents that have little to no probative value . . . and constitute inadmissible hearsay, without a relevant exception." *Id.*

Liberally construing the record in this case, Williams mentions her "disability," *see* Compl. 1, her previous concussions, *see* Aff. 2 (ECF No. 3), and provided redacted medical records regarding a "cognitive impairment" that predates her employment at Amazon, *see* Obj. 13-16 (ECF No. 43). The question now before the Court is whether Williams lacked the mental capacity to enter into the arbitration agreement on November 7, 2020.

## Legal Standard

Texas law presumes every party to a legal contract to have had sufficient mental capacity to understand the transaction involved. *Prince-Moore v. Texas Dow Emp. Credit Union*, 2021 WL 5709880, at *3 (5th Cir. 2021) (unpub.) (citing

---

Agreement to Arbitrate." Mot. Compel, Ex. A-2 4 (ECF No. 27-3); Compl. 40 (ECF No. 3).

*Swink v. City of Dallas*, 36 S.W.2d 222, 224 (Tex. Comm'n App. 1931, holding approved)). To overcome this legal presumption, the burden of proof rests upon the party asserting the contrary to establish a lack of mental capacity by a preponderance of the evidence. *Id.*; *see also Paige-Hull v. Wofford*, 2008 WL 4274504, at *6 (N.D. Tex. Sept. 17, 2008) (citing *Swink*, 36 S.W.2d at 224).

A person "ha[s] the mental capacity to contract if she appreciate[s] the effect of what she [i]s doing and underst[ands] the nature and consequences of her acts." *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 845 (Tex. 1969). "Courts may look to evidence of preexisting circumstances from times other than the day of contracting if it tends to show one's state of mind during the relevant events." *Corsaro v. Columbia Hosp. at Med. City Dallas Subsidiary LP*, 2021 WL 6135342, at *3 (N.D. Tex. Dec. 29, 2021) (citing *Anderton v. Green*, 555 S.W.3d 361, 371 (Tex. 2018). "Evidence that creates only a suspicion of mental incapacity is not sufficient to support a finding of lack of mental capacity." *Paige-Hull*, 2008 WL 4274504, at *6 (citing *Horton v. Norton*, 965 S.W.2d 78, 85 (Tex. App.-Fort Worth 1998, no pet.).

## Analysis

Amazon argues that Williams offers no evidence of her mental capacity at the time of contracting because her filings reference neuropsychological evaluations in 2013, seven years before Williams signed the arbitration agreement in 2020. Resp. 6. Thus, Amazon argues, she fails to rebut the presumption that she had the capacity to execute the arbitration agreement in 2020. *Id.* Even assuming

evidence of Williams's "cognitive impairment" in 2013 tended to show her state of mind on the day of contracting—November 7, 2020—this evidence, at most, introduces only a remote suspicion of mental incapacity, which is not enough to support a finding of lack of mental capacity. Additionally, Williams worked for Amazon for months after the execution of the arbitration agreement without concern for her mental capacity and is competently litigating her claims *pro se* here.

Williams also filed a reply to Amazon's Response to her Objections. *See* Reply (ECF No. 48). In this filing, Williams now claims she "did not say she lacked 'mental capacity.'" *Id*. ¶ 8. Accordingly, the District Judge may alternatively find that Williams no longer raises an argument as to her mental capacity.

## Recommendation

The District Judge should find Plaintiff failed to overcome the legal presumption of mental capacity to contract and OVERRULE her objections to the Court's previous Findings, Conclusions, and Recommendation (ECF No. 43).

**SO RECOMMENDED.**

December 13, 2024.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).